

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| MATTHEW AARON BOUCHILLON CHALMERS, § § | |
| Petitioner, § § | |
| § | Criminal Action No.: 3:16-00828-MGL-1 |
| vs. § | Civil Action No.: 3:19-01728-MGL |
| § | |
| UNITED SATES OF AMERICA, § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER GRANTING
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
AND DISMISSING WITH PREJUDICE PETITIONER'S PETITION**

### I.   INTRODUCTION

Petitioner Matthew Aaron Bouchillon Chalmers (Chalmers), proceeding pro se, brought a habeas corpus petition challenging the rejection of acceptance of responsibility in his Presentence Investigation Report (PSR).  The Court has jurisdiction over this case under 28 U.S.C. § 2255.

Pending before the Court are Chalmers's petition and Respondent United States of America's (Respondent) motion for summary judgment.  Having carefully considered Chalmers's petition, Respondent's motion, Chalmers's affidavits, the record, and the applicable law, it is the judgment of the Court Respondent's motion for summary judgment will be granted and Chalmers's petition will be dismissed with prejudice.

**II.    FACTUAL AND PROCEDURAL HISTORY**

The grand jury indicted Chalmers on one count of possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count One).  Chalmers pled guilty to Count One.

For purposes of sentencing, the United States Probation Office prepared a PSR calculating Chalmers's appropriate sentencing range under the United States Sentencing Guidelines.  The PSR rejected credit for acceptance of responsibility due to a violation of his pretrial release when Chalmers assaulted his girlfriend in the presence of a minor.  There were no objections to the PSR, and the Court sentenced Chalmers to seventy-eight months of imprisonment on August 16, 2018.  Chalmers failed to file a direct appeal of either his conviction or sentence.

The state charges related to the assault of Chalmers's girlfriend were dismissed after the Court sentenced Chalmers on his federal charge.  Chalmers timely filed this petition on June 17, 2019.  Respondent filed its motion for summary judgment, to which Chalmers failed to respond.

**III.    STANDARD OF REVIEW**

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in her favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by

affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  *See* Rule 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).  A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).  Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).  "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).  The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV.     DISCUSSION AND ANALYSIS

Respondent accepts the facts as presented in Chalmers's petition, instead arguing those facts are insufficient for a valid § 2255 claim.  Because no genuine issue of material fact exists, the Court turns to the purely legal analysis on the issue at hand.  Rule 56(e).

3

A valid § 2255 claim requires an error of law which "inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal citation omitted). This is a "remarkably high bar" and is only met in exceptional circumstances. *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). The Fourth Circuit has concluded a petition to vacate under § 2255 based on a later nullified career offender designation failed to constitute a "fundamental defect that inherently result[ed] in a complete miscarriage of justice." *Id.* at 940.

"Barring extraordinary circumstances , . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999). "[W]hile § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines." *Id.* at 284. Because guideline ranges are "not mandatory on sentencing courts," a violation of such cannot typically be a miscarriage of justice, as even if the § 2255 petition were to prevail, "the same sentence could [still] be legally imposed." *Foote*, 784 F.3d at 941 (internal citations omitted) (emphasis modified).

Here, Chalmers challenges application of the guidelines in his case, rather than a violation of a maximum statutory sentence. Chalmers's challenge to the rejection of acceptance of responsibility credit fails to rise to the level of a miscarriage of justice. Accordingly, § 2255 provides no relief to Chalmers.

Alternatively, even if an error in the application of the Sentencing Guidelines were a type typically permissible in § 2255 petitions, Chalmers's petition would still fail. Because district courts apply a preponderance of the evidence standard when calculating the advisory sentencing guidelines, *see United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (stating that judges use a preponderance of the evidence standard for determinations related to the sentencing guidelines), a

finding rejecting acceptance of responsibility credit is possible even if the actions fail to reach the higher criminal standard and criminal charges are later dismissed. *See generally State v. Darby*, 477 S.E.2d 710, 711 (S.C. 1996) (reiterating a beyond a reasonable doubt standard for criminal cases in South Carolina). In this case, the Court adopted the findings found in the PSR, which adequately set forth the description of the conduct warranting the denial of credit for acceptance of responsibility while Chalmers was out on bond, by a preponderance of the evidence. Thus, Chalmers's petition would accordingly fail, even if the application of sentencing guidelines was the appropriate subject of a § 2255.

Lastly, in deciding a 28 U.S.C. § 2255 petition, the Court need not hold a hearing if "the [petition] and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255. The Court has thoroughly reviewed the petition, files, and records in this case, liberally construing Chalmers's pro se petition, and concludes that no hearing is necessary.

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Respondent's motion for summary judgment is **GRANTED** and Chalmers's petition is **DISMISSED WITH PREJUDICE**.

To the extent Chalmers requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED.**

Signed this 7th day of February 2022, in Columbia, South Carolina.

                                                s/Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.